# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30814

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2019

Lyle W. Cayce
Clerk

ROY A. WILLIAMS, also known as Roy Anthony Williams,

Plaintiff-Appellant

v.

DAVID F. POST; CYNTHIA T. WOODARD; CLIFFORD R. STRIDER, III;
JON ANNE WINSTEAD; LINDA COOK; RENEE SMITH,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-767

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Roy A. Williams, Louisiana prisoner # 433256, moves for leave to proceed
in forma pauperis (IFP) on appeal. He filed a complaint pursuant to 42 U.S.C.
§§ 1983 and 1986 alleging that the defendants had conspired to cover up the
falsification of portions of his trial transcript. The district court dismissed on
various grounds, including a finding that his complaint was time barred. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30814

district court denied leave to proceed IFP on appeal for failure to submit a statement of his prison trust account.

Williams now has submitted the required records of his trust account, which show that he qualifies as a pauper. However, a movant for leave to proceed IFP on appeal also must show that he presents a nonfrivolous issue for appeal. *See Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1)-(3). In his IFP motion, Williams asserts that he intends to raise various issues on appeal, including whether his complaint was time barred.

Section 1986 sets forth a one-year limitations period. § 1986. Louisiana's one-year limitations period applies to Williams's § 1983 complaint. *See Smith v. Reg'l Transit Auth.,* 827 F.3d 412, 421 (5th Cir. 2016). A cause of action accrues when the plaintiff knows of the existence of an injury and the cause of the injury. *Id.* The district court found that Williams was aware of the facts supporting his claims by December 2006, that the limitations period expired in December 2007, and that Williams did not file his complaint until June 2017. In the district court, Williams argued that he did not file his complaint earlier because he had not understood that the underlying facts raised a potential claim under § 1983. However, for a limitation period to start, "[a] plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001).

We conclude that Williams has not shown a nonfrivolous issue regarding the dismissal of his complaint as time barred. As a result, his motion for leave to proceed IFP is denied. *See Carson,* 689 F.2d at 586. We also dismiss his appeal as frivolous. *See Baugh v. Taylor,* 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.